DEVOTO v. THE COVINGTON & CINCINNATI BRIDGE CO.

*Bridge companies—Damages to abutting property—Statute of limitations two years, when—Section 9311, General Code.*

An action for damages for injury to property abutting the approach to the Covington & Cincinnati Bridge, due to the erection of an additional approach over and above the approach already constructed, must be brought within two years from the completion of such additional approach, as provided in Section 9311, General Code.

(Decided December 18, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John C. McCarthy,* for plaintiff in error.
*Messrs. Paxton, Warrington & Seasongood* and *Mr. Lester A. Jaffe,* for defendant in error.

HAMILTON, P. J. The plaintiff in error brought an action in the court below against the defendant in error, seeking damages for injury to her property, caused by the erection of an additional elevated approach to the defendant's bridge across the Ohio river.

The petition alleges that the defendant in 1896 brought an action seeking to appropriate lands in the city of Cincinnati for the purpose of extending and improving the Cincinnati approach to the Covington and Cincinnati bridge, and that at the time of the filing of the petition she was the owner of a lot of land abutting the bridge in question. In that proceeding, an award was made to her for property taken, and for damages to the residue of her property, but the damages were based on

the supposition that the approach would be equipped with an open iron rail three and a half feet high, and no other structure erected thereon.

The petition further alleges that defendant on or about the — day of —, 1918, without the consent or knowledge of plaintiff, constructed and erected an additional elevated approach to the bridge, over and above the approach already constructed, and extended it to Third street in the city of Cincinnati, and along the full length of the premises of this plaintiff; that this elevated approach is about fifteen feet above the approach as heretofore constructed.

The petition further alleges specific claims of damage to her property.

The defendant company demurred to the petition, on the grounds (1) that the petition does not state facts which show a cause of action, and (2) that the action was not brought within the time limited for the commencing of such actions.

On the hearing, the trial court sustained the demurrer. Plaintiff not desiring to plead further, judgment was entered in favor of the defendant, and the plaintiff prosecutes error from that judgment to this court.

In our view of the case, it is only necessary to consider the second ground of the demurrer.

The law with reference to the power of the defendant Bridge Company to construct the original approach is found in Section 9311, General Code, and the power to extend the approach is authorized by Section 9318, General Code.

The right of the plaintiff to maintain the action is controlled by Section 9311, General Code, and the language is plain. That section provides:

"The company shall be responsible for injuries done to private property, adjacent or near to such bridge, by its elevation and construction, which may be recovered in a civil action brought by the owner, at any time within two years from the completion thereof."

Section 9318, General Code, provides:

"A company which has constructed a bridge across the Ohio river, may construct, extend and maintain avenues or approaches thereto beyond the point where they are now, or by law are authorized to be constructed. In the construction and maintenance of such avenues and approaches, it may exercise all the rights, powers and privileges conferred on bridge companies by the laws of this state * * *."

It is clear from a reading of these sections that the plaintiff was limited in time for bringing her action to two years from the completion of the extension complained against.

The petition alleges that the additional elevated approach to the bridge along her premises was constructed on the — day of ———, 1918. The petition was filed July 7, 1921, which was more than two years from the completion thereof. Under this view of the case it is unnecessary to consider the other questions raised.

Finding no error in the record, the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.